1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14CR2315 WQH |
| Plaintiff, | ORDER |
| vs. | |
| LUCY ROBLEDO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Appeal to the District Court Judge regarding the denial of bond by the Magistrate Judge (ECF No. 23) filed by Defendant Lucy Robledo.

**FACTS**

On March 26, 2014, Defendant Robledo was arrested with Stephanie Rojas at the Port of Entry.  At the time of the arrest, Stephanie Rojas made a statement to Homeland Security Investigations Special Agent B. Trammel.  Robledo and Rojas were charged by Information in Criminal Case No. 14 CR 1108 WQH with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.   On April 3, 2014, the Magistrate Judge set bond conditions for Defendant Robledo at a $40,000.00 personal appearance bond with signature of two owners of property via trust deed.

On August 12, 2014, Stephanie Rojas entered a plea of guilty to the charge of

importation of methamphetamine without a plea agreement in Criminal Case No. 14 CR 1108 WQH.

On August 14, 2014, the grand jury returned an Indictment in this case charging Defendant Robledo in Count 1 with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960 and in Count 2 with attempted retaliation against a witness in violation of 18 U.S.C. § 1513(b)(2). Count 2 of the Indictment charged:

> Beginning on or about March 26, 2014 and continuing to on or about August 12, 2014, within the Southern District of California, and elsewhere, defendant LUCY ROBLEDO, did knowingly attempt to threaten to engage in conduct which would cause bodily injury to Stephanie Rojas, to wit, directing individuals known and unknown to the Grand Jury to physically harm and threaten to physically harm Stephanie Rojas, with the intent to retaliate against Stephanie Rojas for giving information relating to the commission or possible commission of a Federal offense, to wit, importation of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof, to Homeland Security Investigations Special Agent B. Trammell, a law enforcement officer, in violation of Title 18, United States Code, Section 1513(b)(2).

(ECF No. 1 at 2).

On August 19, 2014, Defendant Robledo was arraigned on the charges in this case and the Magistrate Judge set the same bond as previously set in 14 CR 1108 WQH.

On August 19, 2014, the Government filed a motion to dismiss the Information in Criminal Case No. 14 CR 1108 WQH against Defendant Robledo.  Counsel for the Government informed the Court that the Government did not have sufficient evidence to proceed on the drug importation charge against Defendant Robledo.

On September 11, 2014, defense counsel in this case requested a further bond hearing with the Magistrate Judge.  Defense counsel asserted that the Government's admission that it could not prove the drug charge against Defendant Robledo constituted a change in circumstances and requested that the Court release Defendant on her own signature.  Defendant counsel asserted that Defendant was pregnant, that Defendant had no surety, and that the remaining charge of attempted witness retaliation carried a high end guideline range "18-month sentence."  (ECF No. 27 at 5).

The Government opposed the request to modify the bond and recounted the following facts to the Magistrate Judge:

> Ms. Robledo and her original co-Defendant, Ms. Rojas, were arrested at the port of entry with a load of narcotics. Ms. Rojas gave a statement immediately post-arrest admitting the elements of the offense and saying that she had recruited Ms. Robledo to join her in the endeavor, and that Ms. Robledo's role was to essentially be cover or camouflage. They thought it would be less suspicious to have two people in the vehicle than one.
>
> While M. Robledo was in custody, she – she placed a series of recorded jail calls, in one of which in particular the gentleman on the other end of the call, who we believe, like Ms. Robledo, to be associated with the Eighteenth Street Gang in Los Angeles, said – and I'm not going to get it exactly right, but said, I'm going to tell you this fast because of the recording. I talked to Smiley. Do you want us to lock her up until you get out of custody or just check her? Just put the word out.
>
> Experts in terminology frequently used by gangs will testify at trial that "lock her up" and "check her" are essentially – are essentially authorization to put out – not a fatal hit, but a violent assault on Ms. Rojas.
>
> Ms. Robledo, when asked what she wants this gentleman to do, says, yeah, just check her, which, again, experts will say means do what you have to do to get her to shut up.

(ECF No. 27 at 8).

The Magistrate Judge denied Defendant Robledo's request for release on her own recognizance stating in part: "... given the allegations in this case and her criminal history, I don't find the proposed bond is sufficient. So I'm willing to modify it, but you've got to find somebody who believes in her who has a job. And there's some flexibility on how much they're making, but it needs to be somebody who's got some value, who's working, who's willing to sign a bond on her behalf. I will not let her out on OR." *Id.* at 12.

On September 16, 2014, Defendant appeared before the Magistrate Judge for a change of plea hearing. Pursuant to a plea agreement, Defendant entered a plea of guilty to a Superseding Information charging obstructing justice by retaliating against a witness in violation of 18 U.S.C. §1513(b)(2). The felony charge carried a maximum sentence of 20 years in prison and a term of supervised release of up to 3 years. In the Plea Agreement Defendant admitted that the following facts are true and undisputed:

> On or about March 26, 2014, defendant was a passenger in a vehicle driven from Mexico into the United States through the Otay Mesa, California, Port of Entry (POE) by Stephanie Rojas.

1
2
3

On March 26, 2014 Stephanie Rojas gave a post-arrest statement to Homeland Security Investigations Special Agent B. Trammell, a law enforcement officer, regarding the federal offense of importation of methamphetamine.

4

Defendant believed that Stephanie Rojas implicated her in the commission of that offense.

5
6

On or about May 20, 2014, Defendant instructed another person to threaten Stephanie Rojas with bodily injury in retaliation for her statement to Special Agent Trammell.

7
8

At the time she instructed the other person to threaten Stephanie Rojas, Defendant believed that Stephanie Rojas was out of custody and therefore could be threatened.

9

(ECF No. 22 at 3).  Pursuant to the Plea Agreement, the parties agreed to "jointly

10

recommend time served." *Id.* at 8.

11

At the conclusion of the change of plea hearing, defense counsel requested that

12

the Magistrate Judge release Defendant on her own recognizance in light of the joint

13

agreement to recommend time served in the plea agreement and the Government's

14

agreement to recommend release on her own recognizance.  The Magistrate Judge noted

15

that the burden had shifted to clear and convincing evidence and heard further

16

argument.  The Magistrate Judge stated:

17
18
19

I said last time I would not release her on OR.  I don't feel that it creates – I'm concerned about the safety of the community.  I'm concerned about her willingness to appear in court as required.  I understand she's pled guilty.  But that actually changes the burden, not in the way you and Government think that it changes.  It makes it more difficult for the Court to set bond.

20
21
22
23
24

This Defendant has a criminal history.[1]  Last time your co-counsel proposed $10,000 secured by her signature and I said I wouldn't sign that. I will not sign an OR bond. ... And what I indicated is, if there's somebody who's willing to sign a bond who believes she's going to show up and comply with the conditions of her release, I would consider that.  And if they have ties to her, then I'd consider a lower amount of the bond.  But an OR bond, no, I don't believe – given this Defendant's history and what she pled to, I do not believe that an OR bond is appropriate, and I won't set that.

25

(ECF No. 28 at 21).

26

On August 20, 2014, Defendant filed this appeal from the Magistrate Judge's

27

28

---

[1] Defendant has a prior conviction for Conspiracy to Steal Mail and a prior petty theft charge.

denial of release on her own recognizance.  Defendant asserts that the dismissal of the drug charges and her impending childbirth warrant her release on her own recognizance.  Defendant asserts that the agreement of the Government to recommend time-served and release on her own recognizance support her request.  Defendant asserts that she is a college graduate with an associate's degree, that she had full time employment, and that she has a place to live.  Defendant asserts that release on her own recognizance is reasonable because she is about to give birth and that her guideline range upon sentencing will be 10-16 months.  Defendant asserts that she has shown by clear and convincing evidence that she not a danger to the community or a flight risk.

The Government does not oppose Defendant's request for a modification of bond conditions.

On September 23, 2014, this Court held a hearing on the Defendant's Appeal to the District Court Judge regarding the denial of request for release of Defendant on her own recognizance by the Magistrate Judge.

## APPLICABLE LAW

18 U.S.C. Section 3143(a) provides:

> Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. §3143(a)(1).

## RULING OF THE COURT

In this case, the Magistrate Judge originally set bond conditions at a $40,000.00 personal appearance bond in the initial drug case and continued the bond to the second case charging the original drug charges and the attempted witness retaliation charge. The Magistrate Judge has conducted a number of hearings to consider the request by

Defendant for release on her own recognizance.  This Court has fully reviewed the transcripts of the hearings before the Magistrate Judge and conducted a hearing on this appeal to fully consider all of the facts and circumstances regarding this Defendant and the offense in this case.  The Court has considered the nature and circumstances of the offense to which the Defendant has entered a plea of guilty, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. §3142(g).

On September 16, 2014, Defendant entered a plea of guilty to obstructing justice by retaliating against a witness in violation of 18 U.S.C. §1513(b)(2), a serious felony charge that carries a 20 year maximum imprisonment.  Section 3143 provides that the Court shall order Defendant be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. §3143(a)(1).  Defendant Robledo admitted as a factual basis for the plea that she instructed another person to threaten Stephanie Rojas with bodily injury in retaliation for Rojas' statement to law enforcement.  Defendant Robledo admitted that she believed that the Rojas' statement implicated her in the commission of the federal offense of importation of methamphetamine and that she believed that Rojas was out of custody and could be threatened.  In light of the Defendant's criminal history and the serious felony charge, including threats of bodily injury to another person in retaliation for a statement implicating Defendant Rojas in another serious federal offense, the Court cannot find by clear and convincing evidence that Defendant would not pose a danger to the safety of any other person or the community if released on her own recognizance. Defendant's education, employment, and impending childbirth do not overcome the seriousness of her offense in this case.  The Magistrate Judge's conclusion that a surety is required in order to protect the safety of the community and to assure Defendant's appearance in court is fully supported by all of the facts and circumstances in this case.

1

2        IT IS HEREBY ORDERED that the Appeal to the District Court Judge regarding

3  the denial of bond by the Magistrate Judge (ECF No. 23) is denied.

4  DATED:  September 24, 2014

5

6  **WILLIAM Q. HAYES**
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28